IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA CLARK, ) | |
| ) | Case No. 1:25-cv-02429 |
| Plaintiff, ) | |
| v. ) | Honorable Edmond E. Chang |
| ) | |
| THE AMERICAN CONTRACT BRIDGE ) | Magistrate Judge Jeffrey Cole |
| LEAGUE, INC., ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS</u>**

Defendant, The American Contract Bridge League, Inc. (the "ACBL"), moves to dismiss the Amended Complaint [D.E. 21][1] filed by Plaintiff, Barbara Clark, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Dismissal, as explained herein, is appropriate on at least three independent bases: (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, and (3) failure to state a claim upon which relief can be granted. The ACBL "understands that Plaintiff is proceeding pro se, and is thus entitled to some leniency." *Penny v. Pelosi*, 538 F. Supp. 3d 850, 857 (C.D. Ill. 2021), *aff'd*, No. 21-2039, 2021 WL 6102166 (7th Cir. Dec. 23, 2021). Nevertheless, even in light of this forgiving standard, Ms. Clark's Amended Complaint should be dismissed in its entirety.

---

[1] Ms. Clark has filed various iterations of her complaint on the following dates: March 6, 2025 [D.E. 2], March 11, 2025 [D.E. 13], May 14, 2025 [D.E. 21], and June 17, 2025 [D.E. 35]. Per this Court's May 15 docket entry, the Amended Complaint Ms. Clark filed on May 14 is the operative amended complaint. *See* D.E. 21. While Defendant has not been served with the operative amended complaint, in the interest of judicial economy, Defendant move forward in responding to it.

1

## LEGAL ARGUMENT

**I.  The Court Lacks Subject Matter Jurisdiction over Ms. Clark's Amended Complaint.**

As a threshold matter, dismissal is appropriate because the Court lacks subject matter jurisdiction to adjudicate Ms. Clark's claim. "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). While the Court "accept[s] as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff" when evaluating such a motion, "a plaintiff faced with a 12(b)(1) motion to dismiss bears the burden of establishing that the jurisdictional requirements have been met." *Id.*, at 770 F.3d at 588–89; *see also Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021) ("Once jurisdiction has been called into doubt, the proponent of federal jurisdiction bears the risk of non-persuasion."). Moreover, "[w]hen subject-matter jurisdiction is disputed, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Miller v. F.D.I.C.*, 738 F.3d 836, 840 (7th Cir. 2013).

Here, this Court has neither federal question nor diversity jurisdiction over Ms. Clark's claims. Because Ms. Clark's Amended Complaint contains no jurisdictional statement whatsoever, the ACBL is left to make its best guess as to Ms. Clark's basis for claiming jurisdiction. The Amended Complaint does reference one federal law: the Federal Arbitration Act ("FAA"). But, as the Seventh Circuit has recognized, "a federal court has jurisdiction over a petition to vacate an arbitration award [only] if it would have jurisdiction over the underlying dispute. In other words, this petition must have an 'independent jurisdictional basis,' *beyond the FAA itself.*" *King v. Universal Health Servs. of Hartgrove, Inc.*, No. 23-3154, 2024 WL 3649598,

2

at *2 (7th Cir. Aug. 5, 2024), *reh'g denied*, No. 23-3154, 2024 WL 4257158 (7th Cir. Sept. 20, 2024) (quoting *Badgerow v. Walters*, 596 U.S. 1, at 8–9 (2022)) (emphasis added). Because the FAA, standing alone, does not confer federal question jurisdiction, and because Ms. Clark has made no indication that her Amended Complaint concerns any violations (alleged or otherwise) of another federal law, federal question jurisdiction is unavailable.

The only remaining basis for subject matter jurisdiction—diversity jurisdiction—similarly fails. Ms. Clark makes no allegations regarding the citizenship of either party, and the only monetary relief she references is "REIMBURSEMENT OF $900 filing fee." Even if the parties are diverse, $900 still falls far short of the jurisdictional minimum of $75,000. *See* 28 U.S.C. § 1332(a). Indeed, the face of the Amended Complaint demonstrates that Ms. Clark cannot establish diversity jurisdiction because the Court clearly could not "have jurisdiction over the underlying dispute." The underlying dispute involved allegations that Ms. Clark cheated during ACBL-sanctioned bridge games. The discipline imposed, aside from the $900 filing fee, is entirely non-monetary and concerns the rights and privileges of ACBL membership. *See* Amended Complaint ("DISCIPLINE IMPOSED, 5 YEARS PROBATION, 5 YEARS"). This Court clearly would not have had jurisdiction over the underlying dispute (cheating in bridge games) and so it does not have jurisdiction over the arbitration award concerning the same dispute.

## II. The Court Lacks Personal Jurisdiction over the ACBL.

This suit should also be dismissed on the alternative basis that this Court does not have personal jurisdiction over the ACBL. Just as with a motion to dismiss for lack of subject matter jurisdiction, the plaintiff opposing a motion to dismiss for lack of personal jurisdiction "bears the burden of showing that personal jurisdiction over the defendant exists." *Claus v. Mize*, 317 F.3d 725, 727 (7th Cir. 2003). Thus, Ms. Clark must demonstrate that the ACBL has "sufficient

minimum contacts with Illinois such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Tamburo v. Dworkin*, 601 F.3d 693 (7th Cir. 2010) (quotations and citations omitted). Personal jurisdiction can be either general or specific. "[T]he threshold for general jurisdiction is quite high." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). General jurisdiction would require that the ACBL's contacts with Illinois be so "continuous and systematic" as to "approximate physical presence." *Id*. By contrast, "[s]pecific jurisdiction is 'case-linked.'" *Tata Int'l Metals, (Americas) Ltd. v. Kurt Orban Partners, LLC*, 482 F. Supp. 3d 737, 745 (N.D. Ill. 2020) (quoting *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017)).

Neither type of personal jurisdiction is available here. The ACBL is a New York corporation headquartered in Mississippi, and Ms. Clark has alleged no contacts on the ACBL's part, let alone the sort of "continuous and systematic" contacts with Illinois necessary to confer general jurisdiction. *See* **Exhibit A**, ACBL Filing Information (accessed from the Mississippi Secretary of State website). Nor can there be any reasonable contention that specific jurisdiction exists here. Ms. Clark appears to be a resident of New Jersey, based on her mailing address; presumably, any impact of the arbitration award, which concerns allegations that she cheated during bridge games, would be felt by Ms. Clark in New Jersey, not in Illinois.

### III. Ms. Clark's Complaint Fails to State a Claim.

Finally, Ms. Clark's Complaint fails to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion, a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 at 677 (2009). The Court is not, however, required to accept the plaintiff's legal conclusions as true. *Id.* (stating that the tenet is "inapplicable to legal conclusions"). To defeat a Rule 12(b)(6)

4

motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted) (quoting, in part, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Under the FAA, an award may be set aside if (1) the award was procured by corruption, fraud, or undue means; (2) there was evident partiality or corruption by the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing for sufficient cause, in refusing to hear pertinent and material evidence, or any other misbehavior which prejudiced any party's rights; or (4) the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award was not made. 9 U.S.C. § 10(a). These are the exclusive grounds for setting aside an award under the FAA. *See, e.g.*, *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008).

The first portion of Ms. Clark's Amended Complaint is merely a recitation of the possible bases for a court to vacate an arbitration award: "I AM APPEALING TO VACATE OR AMEND THE ARBITRATION AWARD BASED UPON US CODE 9 BY FRAUD, PARTIALITY BY ARBITRATORS, ARBITRATORS EXCEEDING THEIR POWERS, AND MISCONDUCT DURING THE ARBITRATION PROCESS." These are merely legal recitations, which the Court is not required to accept as true and are inadequate for the purposes of surviving a motion to dismiss. Ms. Clark's factual allegations appear to be the following single sentence and are similarly inadequate: "ARBITRATORS FAILED TO MAKE REASONABLE ACCOMMODATIONS TO RESCHEDULE A HEARING; FAILED TO PROVIDE DEFINITIVE EVIDENCE, PROCEEDED WITHOUT CONSENT, AWARD CONTAINED BIASED, DISCRIMINATORY, LIBELOUS UNFOUNDED CLAIMS." With respect to her first allegation—that the arbitrators failed to reschedule a hearing—Ms. Clark has not alleged or

established a necessary element: that the arbitrators refused to postpone a hearing "upon sufficient cause shown." And Ms. Clark has not claimed, let alone provided factual allegations to support, that she had shown "sufficient cause" to postpone the hearing. The remaining allegations do not plausibly fit within any of the FAA's remaining statutory bases for vacating an award and are clearly irrelevant. For example, Ms. Clark's allegation that the arbitrators did not "provide definitive evidence" is immaterial given that "[a]rbitrators have . . . no duty to explain." *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 268 (7th Cir. 2006). While the ACBL is cognizant of the leeway afforded to pro se litigants, Ms. Clark's Amended Complaint is far outside the bounds of mere inartful pleading. Instead, Ms. Clark has filed an Amended Complaint that is entirely bereft of any factual allegations whatsoever. As such, the Amended Complaint should be dismissed on the independent basis that Ms. Clark has failed to state a claim upon which relief may be granted.

## CONCLUSION

This Court should dismiss the Amended Complaint filed by Plaintiff, Barbara Clark, because of its jurisdictional defects and complete absence of supporting factual allegations. Pro se litigants are appropriately and justifiably held to a lower standard of pleading than represented parties are. But a lower standard is still a standard, and Ms. Clark's Amended Complaint does not meet it.

Respectfully submitted,

/s/ Thomas Aumann
Thomas Aumann (IARDC No. 06282455)
BAKER, DONELSON, BEARMAN,
CALDWELL, & BERKOWITZ, P.C.
1600 West End Ave., Suite 2000
Nashville, Tennessee 37203
taumann@bakerdonelson.com

6

*Counsel for Defendant, The American Contract Bridge League, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify under Rule 5 of the Federal Rules of Civil Procedure that a true and exact copy of the foregoing **Memorandum of Law in Support Defendant's Motion to Dismiss** was served on the following via email and first-class mail:

Barbara Clark
101 Marion Drive
West Orange, NJ 07052
bsyllab@aol.com


Dated: June 20, 2025.

*/s/ Thomas Aumann*
Thomas Aumann