**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BARBARA L. CLARK, | |
| Plaintiff, | No. 1:25-CV-02429 |
| v. | Judge Edmond E. Chang |
| THE AMERICAN CONTRACT BRIDGE LEAGUE, INC., | |
| Defendant. | |

**ORDER**

After a hearing before an arbitrator, Barbara Clark was suspended for five years from the American Contract Bridge League and subject to an additional five years' probation for cheating in League-sanctioned games. R. 21, Second Am. Compl. at 26. The arbitrator also imposed a $900 fine in order to reimburse the League for the filing fee needed to initiate the arbitration. *Id.* Clark seeks to vacate the arbitration award in its entirety because, in her view, the cheating-detection software is unreliable, the proceeding itself suffered from several defects, and the arbitration agreement is unenforceable. *Id.* at 1; 9 U.S.C. § 10.

The League moves to dismiss Clark's complaint on several grounds: the lack of subject matter jurisdiction, the lack of personal jurisdiction, and Clark's failure to adequately state a claim. R. 36, Def.'s Mot. at 1. The Court begins and ends with subject matter jurisdiction, one of the two "jurisdictional bedrocks." *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 585 (1999) (noting federal courts' ability "to choose among threshold grounds" for dismissing case without reaching merits). Federal courts generally have subject matter jurisdiction over cases that either raise "a colorable claim arising under the Constitution or laws of the United States" or "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (cleaned

up).[1] For suits seeking to vacate arbitration awards, courts look only at the complaint (and not the underlying dispute) to determine whether jurisdiction exists. *Badgerow v. Walters*, 596 U.S. 1, 4–5 (2022). Clark believes that both forms of federal subject matter jurisdiction exist in this case. *See* R. 40, Pl.'s First Resp. at 1–3, 5.

But Clark does not raise a federal question. Clark invokes the Federal Arbitration Act, *see* Pl.'s First Resp. at 5; R. 54, Pl.'s Sur-reply at 2, but actions brought under the Act "do not themselves support federal jurisdiction." *Badgerow*, 596 U.S. at 8. Instead, "[a] federal court may entertain an action brought under the [Act] only if the action has an independent jurisdictional basis." *Id.* (cleaned up). Clark identifies no other federal claim for which the Court would have federal-question jurisdiction, and the Court can discern none.

Nor does Clark demonstrate that the amount-in-controversy requirement is met for diversity jurisdiction. Clark correctly identifies that other forms of relief may be considered when determining the amount in controversy, Pl.'s First Resp. at 1–3, but she still fails to show how the aggregate amount in controversy in this case exceeds $75,000. At most, Clark's application to vacate the arbitration award seeks "reimbursement" of the $900 arbitration filing fee and overturning of her suspension and probation. Second Am. Compl. at 1. Vacating her suspension and probation would be the kind of equitable relief whose value can be measured either by "what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand." *Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799–800 (7th Cir. 2003). But Clark does not meet her "burden of establishing that the jurisdictional requirements have been met," *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014), because she does not "place a realistic value" on the equitable relief she seeks, *Macken*, 333 F.3d at 800. As best as the Court can tell, lifting her suspension would carry a minimal cost for the League, and Clark states that the suspension's harm has affected her "physically, mentally, spiritually, socially and professionally" to the tune of only $10,000 to $20,000. Pl.'s Sur-reply at 5. So the aggregate value of the relief Clark seeks does not meet the jurisdictional minimum.

Clark raises a number of other arguments about why the Court has personal jurisdiction and why she has stated a claim for relief based on the invalidity of the

---

[1]This Order uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

arbitration agreement or the illegitimacy of the proceedings. *See, e.g.*, Pl.'s First Resp. at 5–27; R. 41, Pl.'s Second Resp. at 1–6; R. 42, Pl.'s Third Resp. at 1–11; R. 46, Pl.'s Fourth Resp. at 1. But there is no need to decide these issues because Clark has not shown as a threshold matter that this court has subject matter jurisdiction.

The Court grants the League's motion to dismiss, R. 36, and dismisses the second amended complaint, R. 21, for lack of subject matter jurisdiction. The Court terminates Clark's other pending filings, R. 41; R. 46; R. 47; R. 48; R. 50; R. 51; R. 52, which the Court considered when resolving the motion to dismiss. Final judgment shall be entered.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 26, 2026